Good morning, your honors. Sean Riddell on behalf of Mr. Jacob McGreevey. I'd like to begin by stating the express purpose of the Servicemembers Civil Relief Act and it's to enable such persons to devote their entire energy to the defensive needs of the nation. The Supreme Court expanded on that in United States v. Onslaught County School Board when it said we are mindful that the SCRA, Servicemembers Civil Relief Act, like its predecessors, must be read with an eye friendly to those who dropped their affairs to answer their country's call. The court reiterated that, excuse me, expounded on that in saying that to protect those who have been obliged to drop their own affairs and to take up the burdens of the nation, the Servicemembers Civil Relief Act should be read liberally. And here, in the state of Washington, adopting the Servicemembers Civil Relief Act states clearly it is to be liberally construed to provide fairness and substantial justice to those who take up the burdens of service. Once we get to the merits of Mr. McGreevey's claim, then we are to read the act liberally. Looks like the only issue in the case at this point is what statute of limitations applies and that's a question of law, but I'm not sure where the liberal reading of the act is supposed to come in. Can you explain how we get there? Yes, Your Honor. Because the law is absent a specific statute of limitations, the courts are obligated to read that absence liberally to provide a large time frame in which these acts to be brought. If we had a choice between two statutes of limitation and we thought that there was equipoise on the merits of which statute ought to apply, then your rule of decision might come in in helping us to decide between two different statutes of limitation. But you've got a Federal statute here at this point. So why isn't that the appropriate statute? How do you get around the statute at issue here? 1658. Are you referring to the, excuse me, I don't know. 1658, I think. Yes. 28 U.S.C. 1658. 28 U.S.C. 1658A. Yes. And the argument is put out better than I could in the amicus brief provided by the Oregon Department of Justice on why that shouldn't apply. And what it states is that if the action existed before the enactment of that statute, then the four-year statute of limitations And what's the evidence that it existed before? Your Honor, the service Congress went to the trouble of creating a cause of action where there wasn't one before. No dispute about that. Congress has now put it into writing. Was Congress merely codifying prior law? No. It was codifying prior common law. The Service Member Civil Relief Act and the private right of action And what's the evidence for that common law? It's existed since 1918. Well, I know that the law — I know that the statute did, but that's a statute. Where's the common law right of action for a private person? Under the Service Member Civil Relief Act? Under the 1918 Act. Soldier and Sailor's Relief Act. Soldiers and Sailors' Civil Relief Act. Yes. One second, Your Honor. Are you inviting us to make an inquiry as to whether the court viash four-factor test for finding an implied cause of action? Are you inviting us to make — to do that application now to determine whether there was a cause of action prior to when Congress enacted this statute? No, Your Honor. And I refer you once again to the amicus brief by the Oregon Department of Justice that does it better. Page 6, they go back as far back as the — excuse me, the private right of actions existing in 1953. Would that have helped your client? Yes, Your Honor. The 1953 cause of action would have? No, Your Honor. Excuse me. The Damon v. Broadhead, the private right of action for foreclosure was codified most recently, but it existed before the federal statute. A private right of action? At common law, there was private rights of actions in the Soldiers, Sailors, Civil Relief Act. Okay. When you refer to common law — so if we have a statute at point, that's not of action, then we might say, well, the cause of action arises under this statute, but we had to — we had to — we had to imply it. That would be the Court v. Ash four-factor test for implying a cause of action. You might refer to that as a common — as a common law remedy under the statute, but it's not English common law. Correct, Your Honor. It's implied. Okay. So what's the evidence that we have an implied cause of action? Are you going to have to — if you can't find it in the statute, then you're going to have to tell me a case. So what case do you want us to look at that tells us that your client had, prior to 2010, a private cause of action against the mortgage company? For the foreclosure? Yeah. Yes, Your Honor. There was no case on point saying he had a private right of action for the foreclosure. So you are now asking us to determine whether, prior to 2010, had Mr. McGreevey brought this suit prior to 2010, whether under Court v. Ash there was an implied cause of action under the prior statute? Yes, Your Honor. Okay. Why should we go to that trouble, counsel? We've got — we now have a statute, and everybody is presumed to know the law for better or for worse. That's the rule. It's not — it's not a great — it's not a great rule. It's a bit of a fiction for all of us, even if we've been trained in the law. But in 2010, Congress changed the law. There was no prior — no prior case. Congress didn't say, we're just codifying what we think should have been done previously. They changed the law. And why isn't your client bound by that? Your Honor, my client is not bound by that because of the unique nature of the Servicemember Civil Relief Act. Unique nature in that it is, both in case law and legislative intent, its purpose is to protect servicemembers. I got that. It's really broad, if we get there. But you've got a statute of limitations that Congress didn't say, and this can just go on forever and forever and forever. Yes, sir. Your client — your client might have a — might have a full-blown cause of action if he brought it timely. But if there is a statute of limitations, then the mortgage company is entitled to invoke it, which they did. They could waive it, but they haven't. So now we — we have to figure — even under your argument, we have to figure what statute of limitations applies. You don't — you concede that there is a statute of limitations. You just want a different statute of limitations than the one that's provided in 28 U.S.C. I beg to differ. I did not concede that point. I argued in the alternative. You think that there's no statute of limitations? There are Federal statutes. Specifically, these — And about the Employment Act, which is a completely different subject. Yes, sir. But it prohibits their statute of limitations, right? I disagree that it's a completely different subject. It's about employment. The USERRA exists to protect veterans. Well, yeah. These are laws that protect veterans. But in a different way. Those who take up — particularly reservists and draftees that take up the burdens and go forward. And this is to protect them upon their return. And the legislature in USERRA — We're not talking about the sacrifices that service members make. We're talking about which statute of limitations applies. And the one you're advocating is on a different subject matter altogether. I will not concede that point. Well, you're not going to concede it because you say it's for the benefit of service That similarity stops, isn't it? That's not where the similarity stops. Okay. Well, tell me why that statute should apply. Because the intent of that statute is the same, is when you do not mobilize a whole nation, when you put the burden on 1 percent of the population, you have to provide them with statutory protections for when they return to pick up their lives. And that's the purpose of USERRA. And what is that statute? And that's the purpose of the Soldiers and Sailors Civil Relief Act. And Congress looked at USERRA and said there shall be no time limitations. Right. So you're talking — you're saying that 38 U.S.C. 4327B applies to causes of action brought under 50 U.S.C.? I'm using it as an analogy, Your Honor. Well, it can't just be an analogy. We have to find the statute of limitations. You can't have an analogy from a statute to another statute. You can when the state statute of limitation frustrates the purpose of the nation. And that's mentioned in my brief. When a state statute of limitation frustrates the purpose — They're not talking about a state statute. They're talking about a federal statute. The argument is — and it came a little late in the case, but the argument is that it's 28 U.S.C. 1658, that it's Congress's own statute that says if we have failed to identify a statute of limitations in a cause of action, then the statute of limitations is four years. It's a catch-all. Yes, but the Soldiers and Services of Relief Act, a private right of action, albeit foreclosure did not get codified until 2010. The private right of action for foreclosure did not get codified until 2010. The private right of action for different — under the Soldiers, Services, and Relief Act, has existed since 1918 and several iterations thereafter. I guess my biggest problem with this is I've listened to Judge Bybee's questions, and I'm glad he asked them. He asked them far better than I did, but I was asking the same. It seems to me that what we have here is we have Congress suggesting that we have a Soldiers and Sailors Relief Act. We have Congress which is suggesting in 2010 that they can bring this themselves. We have the same Congress that says if there is no statute of limitations, then four years applies. Congress said it all. We wouldn't have any Sailors and Soldiers Relief Act if Congress hadn't said it. We wouldn't have this if they hadn't said it, and they're the ones who say everything we've said, everything we've done, every private right of action that you can bring has now got to be brought within four years of date of accrual. Now, why should I ignore that? I mean, they didn't make reference to any other statute. I appreciate your argument about this other act, but that other act does not have in it any place that it applies to this Soldiers and Sailors Relief Act. But Congress, who gave you this right you've got, then said bring it within four years. That's the end. That's all I'm saying. Tell me why that is not the end of the story for me. 28 U.S.C. Section 1658A, and it's mentioned in both my brief and the amicus brief. Action arising by an act of Congress enacted after this date shall have four years. The protections of the Servicemember Civil Relief Act has existed since 1918. But not this cause of action. The foreclosure cause of action, no, it has not. A civil action arising under an act of Congress. This is a civil action, and it arises under an act of Congress, right? Are you disputing that? It has existed since 1918. Not this civil action. There has been no private right of action which has existed since then. The private right of action only has existed since 2010. Your prior argument to me, counsel, was that this Court should go back to pretend that we are 2009 and ask ourselves under Court v. Ash whether there is an implied right of action in a different set of circumstances, different act. That's really the heart of what you're asking the Court to do, isn't it? And you don't have any case in which any other court ever implied that right of action for this cause. Well, fortunately or unfortunately, Your Honor, nobody was bringing these foreclosure actions for Servicemembers in 2009. Or 2008 or 1998 or 1975 or whenever. For whatever reason. There were protections. Right. Since 1918, nobody had ever brought one of these. So no court had ever weighed in on this question. Well, there's an Eastern District of Michigan case that I think both of us cite in our district court briefs that limited to two years. But I was going to reserve time, but I forgot. Let me ask you one more question. Yes, Your Honor. I understand you do not dispute that your cause of action accrued as of the second That is not in dispute. So we're just trying to see how we can make this May 6, 2016 action not violate a statute of limitations, which should have been filed under the state statute by May 20, 2014, under the federal statute of limitations on May 20, 2014. And we're going to give you, giving you even, as I understand it, 404 days in the service and a tolling during that time. It should have ended on September 28, 2015. Yes, Your Honor. Your math is correct. All right. Would you like to save time for rebuttal? Yes, Your Honor. Okay. Thank you. Mr. Sheldon. Good morning, and may it please the Court. Matthew Sheldon on behalf of Appelli PHH Mortgage Corporation. This case presents an unusual statute of limitations dispute. Both parties provide competing proposals for what statute of limitations this court should apply to the SCRA. The appellees, joined by the United States in its amicus brief, believe the four-year federal catch-all statute of limitations in 28 U.S.C. 1658 should apply. This is appropriate because the appellant's cause of action and the forms of relief he seeks were only authorized in 2010, when Congress amended the SCRA to add a civil liability  The Supreme Court's decision in Jones v. R. R. Donnelly & Sons counsels that causes of action like this, which arise after Section 1658 was enacted in 1990, are governed by Section 1658's four-year statute of limitations. Because appellant only is sued to challenge the 2010 foreclosure in 2016, his claim is facially time-barred under this limitations period. Appellant, on the other hand, asks this court to instead borrow a limitations period for the SCRA from a different statute. But even if this court chose to apply this borrowing method, it would also result in a time-bar. That is because Supreme Court precedent also teaches that when a federal court looks to borrow a limitations period for a federal statutory claim without one, the first step is to look at the most closely analogous state law and apply its limitation period. Here, the district court below correctly identified two different Washington statutes that adequately fit that bill. The Washington Consumer Protection Act with a four-year limitations period and the Washington Deed of Trust with a two-year limitations period both serve to consumer protection interests. You don't think there needs to be borrowing because you believe 1658 applies, right? That's absolutely correct. I don't think you need to get to that step at all. I think all you need to do is look at the 2010 amendment. And the 2010 amendment adds civil liability and a private right of action. And I think that's the stopping point. But if we did, you'd say that the state statutes on consumer protection and deeds, either one of those would be more appropriate than the six-year statute under contracts, right? That's absolutely correct. Why wouldn't a six-year statute under contract apply? The reason it wouldn't apply is because what you need to do is look to the essence of the claim. And then you need to find the most the essence of the Federal claim, that is. And then you need to find the most closely analogous state law claim. Isn't the answer to that question that Mr. McGreevy's action isn't for breach of contract? Yes, that is absolutely right. There is no breach alleged in the complaint below. There's no claim that there was a contractual duty that any of the defendants in this matter breached. What the claim is is that the foreclosure came too close in time to Mr. McGreevy's active duty service date. So it's just strictly a statutory claim under the SCRA, not a breach claim in any way. And for that reason, the Washington statutes that the district court below identified are much more clearly analogous. And so if there's going to be borrowing here, it would be to one of those two, and the claim would still be time-barred. Now, Appellant has two other borrowing theories that are not consistent with either applicable precedent. First, and this was subject to some questioning earlier, Appellant suggests that this Court should entirely skip the first step of looking for a state law and instead look directly to Federal law. That's not correct. The Supreme Court has held that the first step is to look for analogous state law, and only if that analogous state law doesn't exist or shouldn't be applied for some reason is it appropriate to look for Federal law. Well, I'm really confused now. If we have a Federal statute, we're supposed to look to State law first and then look to the Federal law? Only if you're adopting the premise that you should engage in the borrowing analysis. Our contention is that 1658 applies the statute of limitations here. We're only arguing in the alternative if you're going to adopt what Plaintiff says that you should, which is engage in that borrowing analysis. We're only rebutting that. But we believe firmly that Section 1658 applies the appropriate statute of limitations here because this is due to a cause of action created in 2010. But what you're saying is if there's no Federal statute of limitations, then you proceed to consider borrowing an analogous State statute. But only then, right? Right. Otherwise, you'd have State statute of limitations overriding Federal law. That's correct. If 1658 didn't apply here for some reason, and it does, then you could look to borrowing in some circumstances. But 1658 does apply here as a matter of statute. There's another practical reason I'd like to point out for the uniform application of 1658 here. Assuming, arguendo, that the Court decided to engage in some kind of borrowing for Mr. McGreevey's specific claim, it would still be necessary to apply 1658 for other types of foreclosure claims. And the reason for this is because the SCRA was substantively amended in both 2008 and 2012 to expand foreclosure protections and expand the types of individuals protected by the SCRA. So in 2008, Congress extended the grace period, the foreclosure grace period, from 90 days to nine months. So that meant before 2008, service members could not have a foreclosure done within 90 days of active duty service. But as of 2008, that went up to nine months. And as of 2012, that went up again to a full year. And so those people who fall within there are absolutely clearly within a new cause of action and a new substantive right that was only created after 1990 by statutory amendment. We would argue that's equally true of the 2010 amendment, which created the private cause of action. But it shows the danger here of not applying Section 1658 uniformly. The last point I'd like to make concerns the effect of rights on other service members. In line with the United States' brief in this matter, we believe the best interpretation of the SCRA is that Section 1658's four-year statute of limitations should apply to all service members and set a uniform nationwide protection standard. Appellant asked instead to borrow a very specific Washington state law limitations period that would allow him to file a lawsuit in this case roughly six years after his foreclosure occurred. But such a holding would create uncertainty in other states in this circuit as to how long service members have to file their claims and more uncertainty if adopted nationwide. As we pointed out in our brief, a Michigan district court has already borrowed a three-year state law limitations period and several other states, including ones in this circuit, including Amicus Party, Oregon, have causes of action very closely analogous to the SCRA with similarly short two- and three-year periods, both shorter than the four-year period under 1658. Such a patchwork result of leaving the SCRA's limitations period to be decided state by state cannot be consistent with Congress' goal of providing the uniform nationwide set of protections that all service members can rely on. That goal can only be accomplished by properly applying 1658 here. If there are any further questions, I'm happy to take them. I don't think so. Thank you, counsel. Thank you. Mr. Riddell, we'll give you some time. Thank you. May it please the Court, I refer to my reply brief, pages three and four, where I go through the analysis of whether there was an implied right of civil action in the original Soldiers and Settlers Relief Act. And since its 1942 enactment, the right to enforce it through a civil right of action has existed. That was before the enactment of this statute. I ask for a six-year statute of limitations so Mr. McGreevy can hold PHH and others accountable. Barring any questions, that's all I have. Okay. Thank you. We thank both counsel for the argument. McGreevy v. PHH Mortgage Corporation is submitted.
judges: Bybee, N.R. Smith, Antoon